UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAUNCH MARKETING LLC                                                                                                       PLAINTIFF

v.                                            No. 5:23-cv-5092

GOLDEN KRUST
CARIBBEAN BAKERY, INC.                                                                                              DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Golden Krust Caribbean Bakery, Inc.'s ("Golden Krust") motion to set aside default judgment and dismiss the complaint (Doc. 5). Golden Krust also filed a brief in support (Doc. 6). Plaintiff Launch Marketing LLC filed a response in opposition (Doc. 11) and brief in support (Doc. 12). For the reasons given below, the motion will be GRANTED IN PART and DENIED IN PART.

Launch Marketing sued Golden Krust in Arkansas state court for breach of contract. (Doc. 4). Golden Krust removed the case to this Court based on diversity jurisdiction. (Doc. 1). Golden Krust asserts the removal is timely because Launch Marketing failed to properly serve Golden Krust. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading . . . .") (emphasis added). Golden Krust also argues the insufficient service is a reason to set aside the default judgment. (Doc. 6, p. 2).

Launch Marketing attempted service by mail under Arkansas Rule of Civil Procedure 4. After filing proof of service in the state court, Launch Marketing moved for a default judgment when Golden Krust failed to answer. (Doc. 5-1). The state court granted Launch Marketing's motion and entered the default judgment. (Doc. 5-3). Afterward, Golden Krust removed this action. (Doc. 1). Golden Krust now moves this Court to set aside the default judgment. (Doc. 5).

1

In a removed case, "injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. The Court can set aside a default judgment under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 55(c).[1] The Court can grant relief from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). A default judgment is void if the district court lacked jurisdiction because service was not proper. *Bell v. Pulmosan Safety Equip. Corp.*, 906 F.3d 711, 714 (8th Cir. 2018).[2] Launch Marketing attempted service twice, both times by mail. (Doc. 12, p. 3–4). These two attempts occurred on March 31 and April 18, 2023. (Docs. 11-1, 11-2). Because these attempts occurred before removal, the Court must use Arkansas law to determine if Golden Krust was properly served. *See Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003).

"To perfect service under the Arkansas rules, 'compliance must be exact' because the 'service requirements are strictly construed.'" *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) (quoting *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260, 262). Under Arkansas' rules of civil procedure, a plaintiff can serve process by mail. Ark. R. Civ. P. (4)(g)(1). The rule allows "service on the registered agent of a corporation . . . by certified mail with a return receipt requested." Ark. R. Civ. P. 4(g)(1)(A)(i). However, service by mail cannot be the basis for default judgment unless the record contains:

- a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document;

---

[1] The Federal Rules "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1).

[2] The same is true under Arkansas law. *See Billings v. U.S. Bank Nat'l Assoc.*, 2016 Ark. App. 134, 484 S.W.3d 715, 718 (citation omitted) ("Arkansas courts have recognized that judgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void.").

2

- a United States Postal Service Form 3811 (Domestic Return Receipt-green card) executed as provided in the United States Postal Service procedures in place at the time of service; or
- an affidavit by a postal employee reciting or showing refusal of the mailed process by the addressee.

Ark. R. Civ. P. 4(g)(1)(A)(ii). Golden Krust provided the proof of service Launch Marketing submitted to the state court. *See* Doc. 5-2. That proof of service is ineffective because it does not contain any of the three documents listed above.

Launch Marketing's proof of service included a copy of a USPS green card, but the card was not properly executed. Golden Krust's registered agent for service of process in New York is Lorraine Hawthorne-Morrison. *See* Docs. 5-4, ¶ 3; 5-5. The USPS green card Launch Marketing filed in state court was not addressed to Ms. Hawthorne-Morrison, nor was the green card signed. (Doc. 5-2, p. 5). Launch Marketing admits the Green Card was not signed. (Doc. 12, p. 3). Because the first green card was not signed, Launch Marketing attempted the second service by mail. *Id.* at 3–4. But that return receipt was also lost. *Id.* at 4. Therefore, the record does not contain an executed Green Card as required by Rule 4(g)(1)(A)(ii), nor does it contain any signed return receipt. Finally, the record does not contain an affidavit from a postal employee. Therefore, Launch Marketing did not strictly comply with Rule 4(g)(1)(A)(ii) as is required for a default judgment, so the default judgment should be set aside.

Launch Marketing points to a digital signature to show it served Golden Krust. *See* Doc. 5-2, p. 5. Even though there is a digital signature showing what can most generously be described as a scribble, there is no proof that the signature was Ms. Hawthorne-Morrison's. Ms. Hawthorne-Morrison submitted an affidavit explaining that she did not receive the summons, and that the digital signature does not belong to her, Golden Krust's CEO, or any other officer or employee in Golden Krust's office. (Doc. 5-4). She also explained that Golden Krust does not have an account

3

with the USPS, nor has Golden Krust signed up for any digital signature services. *Id.* ¶ 13. Golden Krust shares an office building with several other tenants but only occupies suites 115 and 117 of the building. *Id.* ¶ 10. The digital signature, however, only shows the street address for the entire building. (Doc. 5-2, p. 5). Altogether, the digital signature falls below what Arkansas considers sufficient proof of service on which to base a default judgment.

Launch Marketing's service was also insufficient for a more basic reason: the summons and compliant were not addressed to the registered agent. The full rule for service by mail is as follows:

> Certified mail shall be addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. Notwithstanding the foregoing, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

Ark. R. Civ. P. 4(g)(1)(A)(i). Golden Krust argues the addressee must be a natural person, relying on the second sentence. (Doc. 6, p. 5). Launch Marketing says the natural person language from the rule does not apply. (Doc. 12, p. 3). The Court need not decide that issue because, in this circumstance, Golden Krust's registered agent is a natural person. According to the last sentence, if serving by mail, service must be made on the corporation's registered agent. Golden Krust's registered agent is Ms. Hawthorne-Morrison. *See* Docs. 5-4, ¶ 3; 5-5. Because the mail was addressed to "Golden Krust Caribbean Bakery" and not to the registered agent, the attempted service was ineffective because it did not strictly comply with the requirements for serving a corporation through its registered agent under Rule 4(g)(1)(A)(i).

Launch Marketing appears to have had issues with the United States Postal Service as it relates to service of process, but that does not overcome the need for strict compliance with Arkansas' rules. *Cf. Green v. Hall Manufacturing, LLC*, 2021 WL 4067300, at *3 (E.D. Ark. Sept.

4

7, 2021). Without proper service, the default judgment must be set aside as void. *Bell*, 906 F.3d at 714. The Court therefore sets aside the default judgment (Doc. 5-3) entered before removal.

Based on its defective service arguments, Golden Krust asks the Court to dismiss the complaint. However, the time for service has not passed. When service of process proves defective in removed cases, the "process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. The Federal Rules of Civil Procedure now apply,[3] so Launch Marketing can serve process in any manner allowed by Federal Rule of Civil Procedure 4, including requesting a waiver under Rule 4(d). Therefore, the motion to dismiss for lack of service will be denied without prejudice to refiling if the service deadline passes and Launch Marketing has still failed to serve Golden Krust.

The Court wishes to address two final issues. First, the Court will extend Launch Marketing's time to serve by 30 days. A court can extend the time to complete an action for good cause before the original time to complete that act expires. Fed. R. Civ. P. 6(b)(1)(A). Launch Marketing has 90 days to serve process from the removal date. Fed. R. Civ. P. 4(m); *see also* 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2023) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court . . . ."). That means Launch Marketing must serve Golden Krust on or before September 11, 2023. The Court finds good cause to extend the deadline for 30 days because of Launch Marketing's multiple attempts to serve Golden Krust and its previous motion to extend time. Although Launch Marketing has yet to follow the service by mail requirements to the letter, its attempts have been made in good faith and warrant a short

---

[3] As stated above, the Federal Rules "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1).

extension.  Therefore, the Court extends Launch Marketing's deadline to serve Golden Krust to October 11, 2023.

Second, the Court directs Launch Marketing to file a corporate disclosure statement under Federal Rule of Civil Procedure 7.1.  Under that rule, "[t]he statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor . . . ."  Fed. R. Civ. P. 7.1(a)(2).  The Advisory Committee's Notes on the rule list LLCs as a familiar example of attributed citizenship.  Advisory Committee's Notes to 2022 Amendment to Fed. R. Civ. P. 7.1; *see also Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes.").  It is prudent and efficient to address jurisdictional concerns as soon as possible to avoid surprises after the parties and the Court have expended time and resources in litigation.  *See, e.g.*, *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014).  Therefore, the Court orders Launch Marketing to file a corporate disclosure statement on or before August 17, 2023.

IT IS THEREFORE ORDERED that Golden Krust's motion to set aside the default judgment (Doc. 5) is GRANTED, and the default judgment (Doc. 5-3) is SET ASIDE.

IT IS FURTHER ORDERED that Golden Krust's motion to dismiss is DENIED WITHOUT PREJUDICE.  Launch Marketing must serve Golden Krust on or before October 11, 2023.

IT IS FURTHER ORDERED that Launch Marketing must file a corporate disclosure statement on or before August 17, 2023.

IT IS SO ORDERED this 3rd day of August, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE